**RAPIDES REGIONAL MEDICAL CENTER**

v.

**Edward J. DERWINSKI, Secretary of the Department of Veterans' Affairs.**

**St. Frances Cabrini Hospital, Intervenor.**

No. 91–1577–01.

United States District Court, W.D. Louisiana, Alexandria Division.

Dec. 3, 1991.

Charles S. Weems III, Alexandria, La., for plaintiff.

John Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

David P. Spence, Alexandria, La., for intervenor.

## JUDGMENT

LITTLE, District Judge.

The facts of this case are not subject to serious dispute but reasonable people can differ reasonably. Hence, able counsel for the parties have submitted the controversy for this court's determination of the legal issues. A short recitation of the facts is in order.

St. Frances Cabrini Hospital and the Veterans' Affairs Medical Center, both located in Rapides Parish, Louisiana and both being providers of health care services in that community, agreed that the VA would acquire a sophisticated diagnostic tool known as a dual energy linear accelerator. The accelerator would be housed in the Cabrini Hospital and would be available for use by both institutions. Cabrini would contribute a portion of the value or cost of the accelerator. In plain language, the VA–Cabrini agreement is a sharing agreement. Cabrini puts up a portion of the cost of the machine, the machine is ensconced in the Cabrini Hospital, and the VA owns the machine and has access to its use along with Cabrini.

This sharing relationship has its genesis in a congressional act (38 U.S.C. § 5053, now 38 U.S.C. § 8153) commonly known as the 1990 Advanced Technology Medical Equipment Shared Acquisition Program.

■ When the details of the Cabrini–VA arrangement came to the attention of the Rapides Regional Medical Center, another health care provider in Rapides Parish, Louisiana, Rapides Medical raised the legal issue that forms the basis for this suit. Rapides Medical asserted that the Cabrini–VA arrangement is fragile in that the contracting parties failed to observe and follow the dictates of the Competition in Contracting Act of 1984, 41 U.S.C. § 251 et seq. Succinctly, Rapides Medical suggests that the government sharing contract requires public bid. Or more simply, if the VA desires a sharing arrangement, as authorized by the 1990 Advanced Technology Medical Equipment Shared Acquisition Program, then the arrangement must be subject to public bid so that the public agency will receive the best product at the lowest cost.

Rapides Medical requested that this court issue a TRO and ultimately a permanent injunction. This court has jurisdiction to consider the request for relief by Rapides General. A fair reading of the documents presented leaves this court with clear and convincing evidence that Cabrini and the VA have agreed that the VA will acquire a machine to aid in treating cancer patients; that Cabrini will contribute to the VA a sum equal to a portion of the VA acquisition cost; that Cabrini will house the machine and that a sharing of use of the machine will result. Rapides General asserts, and correctly so, that this court has original jurisdiction to hear matters arising under the laws of the United States (28 U.S.C. § 1331(a)) and that a law of the United States, specifically the Competition in Contracting Act of 1984, 41 U.S.C. § 251 et seq, has been violated. The violation eliminated the opportunity of Rapides General to bid on the transaction. The law is clear—this court has jurisdiction to enjoin the continued violation of a federal law. The VA and Rapides Medical agreed to submit the matter on brief and agreed that the performance under the VA–Cabrini agreement would be suspended pending the determination by this court. Cabrini intervened in the action.

The order of this court was modified by an order of Judge Nauman Scott who entertained the request for modification filed by Cabrini. The Judge Scott order was itself the subject of a stay by the Fifth

Circuit Court of Appeals. Upon the undersigned's return from vacation, the Fifth Circuit lifted its stay and returned the matter to this court for disposition.

Finding that the Cabrini and VA arrangement is violative of the Competition in Contracting Act, this court makes permanent the injunction originally issued and enjoins the further implementation of the Cabrini–VA relationship as set forth in a document styled "Memorandum of Understanding Between the VA and Cabrini." The essence of this order is that involvement by a government entity in the 1990 Advanced Technology Medical Equipment Shared Acquisition Program is subject to the Competition in Contracting Act of 1984. As currently structured, the VA–Cabrini combine is the type of activity to which the Competition in Contracting Act of 1984 applies.

The Competition in Contracting Act of 1984, 41 U.S.C. § 251 et seq., was passed "to facilitate the procurement of property and services." Section 252 requires that all purchases and contracts for property and services shall be made by the government by advertising. Section 253, as amended, sets forth the methodology for satisfying the advertising requirements and also lists certain conditions that authorize the governmental agency to contract for property and services without advertising. These exceptions, found in subsection C of section 253, are inapplicable to the instant case and provide no relief to the VA, Cabrini or Rapides General. The statute does refer to exceptions that are *"expressly* authorized by *statute."* 41 U.S.C. § 253(a) (emphasis supplied).

■ This court has reviewed the statute creating the Advanced Technology Medical Equipment Shared Acquisition Program, 38 U.S.C. § 5051 et seq., and cannot discern any implicit, let alone express, provision waiving the application of the Competition in Contracting Act. The plain language doctrine controls our interpretation of a statute. *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The plain and compelling reading of the Competition in Contracting Act is that its public bid provisions are applicable unless an enabling act created by another statute expressly excludes the application of the Competition in Contracting Act. We note that to suggest that 41 U.S.C. § 253(a)(1) could be read to eliminate this bid requirement in every case in which a statute creates procurement procedures strains statutory construction beyond the plain import and impact of the English language. To support such a construction would lead to absurd consequences.

■ The parties counter to Rapides General seek solace in a regulation adopted by the Veterans Administration. That regulation, found in 48 C.F.R. 806.302–5, provides in part:

> Sharing contracts negotiated under 38 U.S.C. 5053 are approved for other than full and open competition.

48 C.F.R. 806.302–5(b). The regulation, appearing first as an interim regulation in June of 1986 and as a final regulation in July of 1987, antedates the rather precise statutory language of "otherwise expressly authorized by statute" as found in 41 U.S.C. § 253(a). Congress said that the public bid law can be circumvented by express language contained in a statute. The regulation from the Veterans Administration is not a statute. Congress created the measuring stick and retained the power to delete public bid law requirements from contracts for goods or services. The VA is powerless to change the clear procedure set by Congress.